UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JOHN DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 18-004 (RC) |
| ) | |
| JEFFERSON B. SESSIONS, ATTORNEY ) | |
| GENERAL OF THE UNITED STATES, ) | |
| DANIEL POWERS, and JOHN DOES #1 AND ) | |
| #2, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO FILE
UNDER A PSEUDONYM**

Plaintiff, who was formerly employed by the Federal Bureau of Investigation ("FBI") as a Personnel Security Specialist, purports to allege claims for employment discrimination on the basis of disability (Asperger's Syndrome, anxiety, acute stress disorder, and panic disorder) and for violation of his Fourth and Fifth Amendment rights pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Although Plaintiff's claims are of the type routinely alleged in such cases, Plaintiff contends that he should be permitted to sue under a pseudonym. *See* Memorandum of Points & Authorities in Support of Plaintiff's Motion to File Under a Pseudonym (Dkt. No. 2-1) ("Pl. Mot.") at 2. Specifically, Plaintiff argues that he has been diagnosed with depression, anxiety, and PTSD, and that his "diagnosis will follow him wherever he goes in life" if he discloses his name in this lawsuit. He also posits that he "worked in a sensitive position with the FBI that required a security clearance," and his "job duties related to issues of

national security and law enforcement," which, according to Plaintiff, somehow makes it "in the public interest" for him to proceed under a pseudonym.  *Id*.

As detailed below, when "balancing . . . the moving party's privacy interest against the customary and constitutionally-embedded presumption of openness in judicial proceedings," it is clear that the "rare dispensation" of permitting Plaintiff to proceed under a pseudonym is unwarranted here.  *See*, *e.g.*, *J.W. v. District of Columbia*, 381 F.R.D. 196, 198, 202 (D.D.C. 2016).  Thus, Plaintiff's motion should be denied.

## ARGUMENT

Pursuant to the Federal Rules of Civil Procedure and this Court's Local Civil Rules, "the complaint must name all the parties."  Fed. R. Civ. P. 10(a); LCvRs 5.1(c) ("The first filing by or on behalf of a party shall have in the caption the name and full residence address of the party."); 11.1 (same).  "Disclosure of the parties' identities furthers the public interest in knowing the facts surrounding judicial proceedings." *National Ass'n of Waterfront Employees v. Chao*, 587 F. Supp. 2d 90, 99 (D.D.C. 2008).  In compelling circumstances, the Court may exercise its discretion to permit the plaintiff to proceed under a pseudonym.  *Id.*; *see also Qualls v. Rumsfeld*, 228 F.R.D. 8, 10 (D.D.C. 2005).  "Compelling circumstances may be present when 'identification creates a risk of retaliatory physical or mental harm,' 'anonymity is necessary to preserve privacy in a matter of a sensitive and highly personal nature,' or in circumstances under which the would-be anonymous party would be 'compelled to admit criminal behavior.'" *Roe v. Bernabei & Wachtel PLLC*, 85 F. Supp. 3d 89, 96 (D.D.C. 2015).  However, "[c]ourts have noted that motions to file under pseudonym should be granted sparingly." *Doe v. Teti*, Civ. A. No. 15-mc-1380 (RWR), 2015 WL 6689862, at *2 (D.D.C. Oct. 19, 2015).

Courts in this district typically apply the five-factor test enumerated in *Chao* when determining whether to grant a motion to proceed anonymously. *See*, *e.g.*, *J.W.*, 318 F.R.D. at 198; *Teti*, 2015 WL 6689862 at *2; *Roe*, 85 F. Supp. 3d at 96. Those factors are:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature;
>
> (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties;
>
> (3) the ages of the persons whose privacy interests are sought to be protected;
>
> (4) whether the action is against a governmental or private party; and
>
> (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Chao*, 587 F. Supp. 2d at 99. "No single factor is necessarily determinative; a court 'should carefully review *all* the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield' to the plaintiff's request for anonymity." *Teti*, 2015 WL 6689862 at *2 (citation omitted).

When applying the *Chao* factors to this case, the balance shifts decisively against permitting Plaintiff to proceed under a pseudonym. First, Plaintiff has not established that this case involves any matters of an extremely sensitive or personal nature. Plaintiffs in employment discrimination cases routinely disclose their names in pleadings. *See*, *e.g.*, *Roe*, 85 F. Supp. 3d at 96-97 (denying plaintiff's motion for leave to proceed via a pseudonym in Title VII lawsuit). To the extent matters of a highly sensitive nature arise during the litigation, the appropriate safeguard is a protective order, not an anonymous lawsuit.

Second, Plaintiff has not demonstrated any credible risk of retaliatory harm to himself or innocent non-parties. As an initial matter, Plaintiff, who is no longer employed by the FBI, does not contend that his former employer would retaliate against him. At its heart, his contention is that disclosure of his diagnosis "can affect his future employment, income, personal well-being, and his physical and mental health." Pl. Mot. at 2. Although Plaintiff provides no specifics concerning how he believes these items could potentially be impacted if he proceeded with this lawsuit in the usual and customary manner used by countless plaintiffs in cases just like this, what Plaintiff alleges is nothing more than potential embarrassment. As this Court has explained, that is not enough. *See*, *e.g.*, *J.W.*, 318 F.R.D. at 198 (noting that mere embarrassment and harassment is insufficient to justify proceeding anonymously); *Teti*, 2015 WL 6689862 at *2 ("filing anonymously is not warranted merely to avoid the annoyance and criticism that may attend litigation").

Additionally, assuming any legitimate privacy interest warranting protection existed, the third factor also weighs against Plaintiff since he is an adult.

Similarly, the fourth factor also does not weigh in Plaintiff's favor. Although this case concerns Plaintiff's former government employer, "the fact that a defendant is a governmental entity does not alone present more of a reason to allow a plaintiff to file a complaint anonymously." *Teti*, 2015 WL 6689862 at *3.

Finally, with respect to the fifth factor, although there is no inherent risk of significant unfairness to Defendant if Plaintiff proceeds anonymously, that does not end the inquiry. As detailed above, Plaintiff has not satisfied his burden of demonstrating that his request to proceed anonymously "amount to more than protecting an economic interest and avoiding criticism that may attend litigation." *Id*. at *4.

## **CONCLUSION**

For the reasons set forth above, Defendants respectfully request that the Court deny Plaintiff's motion to file under a pseudonym.

Dated: July 26, 2018

                                      Respectfully submitted,

                                      JESSIE K. LIU, D.C. Bar # 472845
                                      United States Attorney for the District of Columbia

                                      DANIEL F. VAN HORN, D.C. Bar # 924092
                                      Chief, Civil Division

By: /s/ *Melanie D. Hendry*
      Melanie D. Hendry
      Assistant United States Attorney
      555 Fourth Street, N.W.
      Washington, D.C. 20530
      (202) 252-2510
      melanie.hendry2@usdoj.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| JOHN DOE,                              ) | |
|                                        ) | |
| Plaintiff,                ) | |
|                                        ) | |
| v.                                     ) | Civil Action No. 18-004 (RC) |
|                                        ) | |
| JEFFERSON B. SESSIONS, ATTORNEY ) | |
| GENERAL OF THE UNITED STATES, ) | |
| DANIEL POWERS, and JOHN DOES #1 AND ) | |
| #2,                                    ) | |
|                                        ) | |
| Defendants.             ) | |

## **[PROPOSED] ORDER**

Upon consideration of Plaintiff's Motion to File Under a Pseudonym, the memoranda submitted in support and opposition thereto, and the entire record herein, it is hereby ordered that Plaintiff's Motion is DENIED.

DATE: _____                    _____
                                     UNITED STATES DISTRICT JUDGE