# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| JOHN DOE, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 18-0004 (RC) |
| | : | | |
| v. | : | Re Document No.: | 2 |
| | : | | |
| JEFFERSON B. SESSIONS, *et al*. | : | | |
| | : | | |
| Defendant. | : | | |

## MEMORANDUM OPINION

### GRANTING PLAINTIFF'S MOTION TO FILE UNDER A PSEUDONYM

## I. INTRODUCTION

The Plaintiff in this action—who alleges, among other claims, that he was discriminated against by the Federal Bureau of Investigation (the "FBI") based on his mental disability—has moved to proceed under a pseudonym. He asserts that public association of his name with this action would subject him to "severe emotional trauma" resulting from the disclosure of a sensitive diagnosis that he has kept confidential for decades. For the reasons set forth below, this Court grants Plaintiff's motion.

## II. FACTUAL BACKGROUND

Plaintiff, who suffers from Asperger's Syndrome, Acute Stress Disorder, Panic Disorder, post-traumatic stress disorder ("PTSD"), and anxiety, asserts a variety of claims against the United States Attorney General and three FBI employees ("Defendants") arising from his FBI employment and termination. Compl. ¶ 5. Plaintiff was employed by the FBI for approximately twenty-five years as a Personal Security Specialist responsible for processing visitor access requests for access to FBI facilities. *Id*. ¶¶ 11–12. He alleges that from early- to mid-2015, he

participated in meetings and department exercises in which he was at various points ridiculed, threatened, and falsely accused of violating FBI procedures. *Id*. ¶¶ 14–19. This alleged harassment caused Plaintiff to experience panic attacks and other conditions which required him to take multiple sick leaves throughout the summer and fall of 2015. *Id*. ¶¶ 20, 25. When Plaintiff returned from his leaves, he alleges that his supervisors "singled him out," constructively demoted him, withheld access to necessary training, and continued to harass and publicly humiliate him, causing additional mental trauma. *Id*. ¶¶ 20–41. Finally, Plaintiff alleges that when he sought reasonable accommodations for his mental conditions, the FBI's Reasonable Accommodation Program Coordinator unnecessarily disclosed Plaintiff's confidential medical documentation—including his Asperger's diagnosis—to his supervisors. *Id*. ¶¶ 44–46. According to Plaintiff, the FBI failed to provide him with reasonable accommodations and ultimately terminated him because of his disabilities. *Id*. ¶¶ 71–83.

Having exhausted his administrative remedies, Plaintiff commenced the present action in the United States District Court for the District of Maryland, alleging a hostile work environment, denial of reasonable accommodations for his disabilities, discriminatory termination, and breach of confidentiality through disclosure of his medical information. *See generally id*. He argues that these actions violated the Rehabilitation Act and his constitutional rights, and he seeks declaratory relief, injunctive relief, and damages. *Id*. ¶ 1; *id*. at 26–27.

On the same date that Plaintiff filed the complaint he filed a motion to proceed under a pseudonym, citing his "severe mental trauma," his "right to confidentiality of medical information," and his "sensitive position with the FBI that required security clearance." Pl.'s Mot. to File under a Pseudonym ("Pl.'s Mot."), ECF No. 2. Defendants never responded to

Plaintiff's motion, and Plaintiff has filed several documents under the pseudonym during the past three years of this litigation without protest from Defendants.

On January 1, 2018, the case was transferred from the District of Maryland to this Court. Upon prompting from this Court, and despite previously failing to object to Plaintiff's pseudonymous filings, Defendants opposed Plaintiff's motion to proceed under a pseudonym. Accordingly, that motion is now ripe and, for the reasons stated below, the Court will grant it.

### III. LEGAL STANDARD

Generally, a complaint in federal court must state the names of the parties. Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"); LCvR 5.1(c)(1) ("The first filing by or on behalf of a party shall have in the caption the name and full residence address of the party," and "[f]ailure to provide the address information within 30 days of filing may result in the dismissal of the case against the defendant."); LCvR 11.1 (same requirement as LCvR 5.1(c)(1)). The public's interest "in knowing the names of . . . litigants" is crucial because "disclosing the parties' identities furthers openness of judicial proceedings." *Doe v. Pub. Citizen*, 749 F.3d 246, 273 (4th Cir. 2014); *see also Nixon v. Warner Commc'ns, Inc.* 435 U.S. 589, 597 (1978) ("[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents."). Nevertheless, courts have, in special circumstances, permitted a party to "proceed anonymously" when a court determines that "the impact of the plaintiff's anonymity" outweighs "the public interest in open proceedings and on fairness to the defendant." *Nat'l Ass'n of Waterfront Emp'rs v. Chao* ("*Chao*"), 587 F. Supp. 2d 90, 99 (D.D.C. 2008).

In the past, when balancing these two general factors, two different but analogous tests have applied in this circuit to sealed and anonymous filings. The first test consists of the six

factors set forth in *United States v. Hubbard*, 650 F.2d 293, 317–21 (D.C. Cir. 1980), governing sealed filing:

> (1) the need for public access to the documents at issue; (2) the extent to which the public had access to the document prior to the sealing order; (3) the fact that a party has objected to disclosure and the identity of the objecting party; (4) the strength of the property and privacy interests involved; (5) the possibility of prejudice to those opposing disclosure; and (6) the purpose for which the documents were introduced.

*Doe v. CFPB* ("*Doe I*"), No. 15-1177, 2015 WL 6317031, at *2 (D.D.C. Oct. 16, 2015). The second test consists of five factors drawn from *Chao*, governing anonymous filing:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Doe v. Teti*, No. 15-1380, 2015 WL 6689862, at *2 (D.D.C. Oct. 19, 2015) (citing *Chao*, 587 F. Supp. 2d at 99 (footnotes omitted)). *Accord Roe v. Bernabei & Wachtel PLLC*, 85 F. Supp. 3d 89, 96 (D.D.C. 2015); *Doe v. Cabrera*, 307 F.R.D. 1, 5 (D.D.C. 2014). No single factor is necessarily determinative.

The *Chao* and *Hubbard* factors weigh the same two general concerns. *Doe Co. No. 1 v. CFPB* ("*Doe II*"), 195 F. Supp. 3d 9, 15–16 (D.D.C. 2016). Specifically, these concerns are: (1) the "[s]trength of the [g]eneralized [p]roperty and [p]rivacy [i]nterests" involved and "the possibility of prejudice" to those opposing disclosure, *Hubbard*, 650 F.2d at 320-21; and (2) whether the "justification" for nondisclosure "is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature," *Teti*, 2015 WL 6689862, at *2. Thus, in *Doe II*, the court determined that:

> the question before the Court is not best answered with a rigid, multi-part test but with an assessment of whether that non-speculative privacy interests that the

> movants have identified outweigh the public's substantial interest in knowing the identities of the parties in litigation, along with any legitimate interest that the non-moving parties' interest may have in revealing the identity of the movants.

*Doe II*, 195 F. Supp. 3d at 17.

This balancing inquiry accords with the D.C. Circuit's test for whether a district court should exercise its discretion to permit an exception from Federal Rule of Civil Procedure 10(a). The Circuit has acknowledged the district court's discretion "to grant the 'rare dispensation' of anonymity" to litigating parties under certain limited circumstances, provided the court has "inquire[d] into the circumstances of particular cases to determine whether the dispensation is warranted." *United States v. Microsoft Corp.*, 56 F.3d 1448, 1464 (D.C. Cir. 1995) (quoting *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)). In exercising this discretion, the D.C. Circuit requires courts to "take into account the risk of unfairness to the opposing party . . . as well the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id.* (citations and internal quotation marks omitted).

## IV.  ANALYSIS

Applying the principles laid out above, the Court must determine whether Plaintiff's mental conditions and "sensitive position with the FBI" overcome the public's and Defendants' interests in full transparency. The Court concludes that Plaintiff's mental conditions alone justify pseudonymous filing here, and it therefore declines to address Plaintiff's arguments regarding his position with the FBI.

The parties dispute the sensitivity of Plaintiff's mental conditions and the potential consequences of Plaintiff's public association with those conditions. Plaintiff contends "that the disclosure of his medical records [to his supervisors by an FBI employee] resulted in severe emotional trauma" and that if "Plaintiff were required to disclose his name in the instant lawsuit,

5

Plaintiff will once again be traumatized by the knowledge that this information will remain forever public." Pl.'s Mot. 1–2.  Defendants, on the other hand, contend that Plaintiff is no different than the plaintiffs "in employment discrimination cases [who] routinely disclose their names in pleadings."  Defs. Opp'n Pl.'s Mot. ("Defs. Opp'n") at 3, ECF No. 22 (citing *Roe v. Bernabei & Wachtel PLLC*, 85 F. Supp. 3d 89, 96–97 (D.D.C. 2015)).  Defendants further assert that "Plaintiff provides no specifics concerning how he believes [his mental health] could potentially be impacted if he proceeded with this lawsuit in the usual and customary manner used by countless plaintiffs in cases just like this," and thus that "what Plaintiff alleges is nothing more than potential embarrassment."  *Id.* at 4.  Plaintiff has the better of this dispute.

While Defendants are correct that "[m]ere 'embarrassment and harassment' is 'insufficient to demonstrate' the sort of 'retaliatory harm' necessary" to justify pseudonymous filing, *J.W. v. District of Columbia*, 318 F.R.D. 196, 200 (D.D.C. 2016) (quoting *Yacovelli v. Moeser*, No. 02-0596, 2004 WL 1144183, at *7 (M.D.N.C. May 20, 2004)), "[c]ourts generally find a risk of retaliatory harm in cases where the moving party provides evidence that psychological damage . . . [is] anticipated if a party's identity is disclosed."  *Id.* at 200 (citing *Plaintiff B v. Francis*, 631 F.3d 1310, 1318 (11th Cir. 2011); *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981)).  Similarly, pseudonymous filing may be appropriate where "anonymity is necessary 'to preserve privacy in a matter of [a] sensitive and highly personal nature.'"  *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000) (quoting *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)).

This case involves both a sensitive, highly personal matter and the risk of mental harm should Plaintiff's identity be disclosed.  Plaintiff alleges that Defendants humiliated him, harassed him, and ultimately discriminated against him because of his Asperger's Syndrome and

other sensitive mental conditions. *See generally* Compl. His claims rely, in part, on his contention that an FBI employee improperly disclosed his Asperger's diagnosis to his supervisors, causing "severe emotional trauma," including depression and panic attacks. *Id*. ¶ 115; Pls. Mot. at 1. Plaintiff contends that public identification here will cause him to "once again be traumatized by the knowledge that his information will remain forever public. *Id*. at 2. "Out of grave concern that the Court could exacerbate any psychological issues the plaintiff is currently experiencing, the Court finds that this factor weighs in favor of anonymity."[1] *Cabrera*, 307 F.R.D. at 7 (granting the plaintiff rape victim's motion for pseudonymous filing because public disclosure could subject the plaintiff to "psychological trauma"); *see also J.W.*, 318 F.R.D. at 202 (granting minor plaintiff's motion to proceed anonymously to "protect[] [the plaintiff's] identity and avoid[] unnecessary publicity concerning his [autism diagnosis]").

Moreover, courts in other jurisdictions have found a "substantial public interest" in "preventing the stigmatization of litigants with mental illnesses" weighing in favor of pseudonymous filing in actions involving such illnesses. *Doe v. Provident Life & Acc. Ins. Co.*, 176 F.R.D. 464, 468 (E.D. Pa. 1997). These courts reason that public disclosure would deter civil litigants with mental conditions from "ever reaching the courthouse steps [to vindicate their rights] for fear of repercussions that would ensue if their condition was made public," *Doe v. Hartford Life & Accident Ins. Co.,* 237 F.R.D. 545, 550 (D.N.J. 2006) (granting the plaintiff's motion to file pseudonymously in an action related to the plaintiff's severe bipolar disorder),

---

[1] Defendants' reliance on a copyright and RICO case, *Roe*, is unavailing because that case is factually inapposite. While *Roe* involved potentially sensitive material relating to sexual harassment of the plaintiff, the plaintiff's complaint was not against her alleged assailant, the suit would "likely not involve the graphic details of her assault," the plaintiff's name was "already publicly associated with the" harassment incident, and the plaintiff did not claim that public disclosure would cause her mental trauma. *Roe*, 85 F. Supp. 3d at 95–97.

particularly where the litigants have sought to keep the mental conditions at issue confidential. *Provident Life & Acc. Ins.*, 176 F.R.D. at 468. These considerations lend additional weight in favor of pseudonymous filing here, where Plaintiff alleges that he kept his Asperger's Syndrome diagnosis confidential from everyone except his wife for twenty-five years before that diagnosis was allegedly disclosed by an FBI employee to Plaintiff's supervisors. Compl. ¶ 111.

On the other hand, Defendants have not explained why allowing Plaintiff to proceed anonymously would prejudice them or introduce an element of unfairness to the action. In fact, Defendants admit that "there is no inherent risk of significant unfairness . . . if Plaintiff proceeds anonymously." Defs. Opp'n at 4. Defendants perhaps wisely decline to press this point because they have allowed Plaintiff to proceed pseudonymously for the past three years, only lodging their objection when ordered to do so by this Court. *See* Minute Order (July 12, 2018). Moreover, as other courts in this jurisdiction have recognized, "[w]hen a plaintiff challenges the government or government activity, courts are more like[ly] to permit plaintiffs to proceed under a pseudonym than if an individual has been accused publicly of wrongdoing." *Chao*, 587 F. Supp. 2d at 99 n.9 (quoting *Yacovelli*, 2004 WL 1144183, at *8) (second alteration in original). *But see Teti*, 2015 WL 6689862, at *3 ("Ultimately, the fact that a defendant is a governmental entity does not alone present more of a reason to allow a plaintiff to file a complaint anonymously. Context matters."). Given the context here, the Court concludes that Defendants' interest in transparency does not outweigh Plaintiff's interest in confidentiality.

## V. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that because Plaintiff's privacy interest in proceeding pseudonymously outweighs Defendants' interest in transparency and "the customary and constitutionally-embedded presumption of openness in judicial proceedings,"

8

*Microsoft Corp.*, 56 F.3d at 1464 (quoting *Doe v. Stegall,* 653 F.2d 180, 186 (5th Cir. 1981)), Plaintiff's Motion to File Under a Pseudonym (ECF No. 2) is **GRANTED**.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.[2]

Dated:  September 27, 2018                                                          RUDOLPH CONTRERAS
                                                                         United States District Judge

---

[2] Of course, should a trial become necessary in this matter, Plaintiff's identity must be revealed during testimony in the courtroom.