# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| JOHN DOE, | : | | |
| Plaintiff, | : | Civil Action No.: | 18-00004 (RC) |
| v. | : | Re Document No.: | 18 |
| JEFFERSON B. SESSIONS, *et al.*, | : | | |
| Defendants. | : | | |

# MEMORANDUM OPINION

**GRANTING IN PART DEFENDANTS' MOTION TO DISMISS COUNT V OF THE COMPLAINT**

## I. INTRODUCTION

The pseudonymous Plaintiff in this case was an employee of the Federal Bureau of Investigation ("FBI" or "Bureau") for twenty-five years until he was fired in 2016. Alleging that his dismissal was the culmination of a prolonged episode of disability discrimination, Plaintiff has asserted a number of claims against three FBI Special Agents and the Attorney General of the United States. Among those claims is one brought against the Special Agent Defendants seeking money damages for an alleged Fourth Amendment violation pursuant to *Bivens v. Six Unknown Agents of Federal Bureau of Nacrcotics*, 403 U.S. 388 (1971). Presently before the Court is the Special Agents' motion under Federal Rule of Civil Procedure 12(b)(1) to dismiss this *Bivens* claim with prejudice for lack of subject matter jurisdiction. According to the Special Agents, Plaintiff asserts his *Bivens* claim against them in their official capacities, which entitles them to sovereign immunity. This contention is correct; Plaintiff has in fact sued the Special Agents in their official capacities, and it "[i]t is well established that *Bivens* remedies do not exist against officials sued in their official capacities," *Kim v. United States*, 632 F.3d 713, 715 (D.C. Cir. 2011). For the reasons stated below, however, the Court concludes it is not appropriate to

dismiss Plaintiff's claim *with prejudice* at this juncture, as the deficiency with Plaintiff's complaint can possibly be cured by asserting the claim against the Special Agents in their individual capacities. The Court therefore grants the Special Agents' motion in part and dismisses the claim without prejudice.

## II. BACKGROUND[1]

Plaintiff suffers from Asperger's Syndrome, Acute Stress Disorder, Panic Disorder, post-traumatic stress disorder ("PTSD"), and anxiety. Compl. ¶ 5, ECF No. 1. Until he was fired in 2016, he worked for the FBI as a Personnel Security Specialist responsible for processing requests for visitor access to FBI facilities. *Id.* ¶¶ 12, 83. He alleges that beginning in early 2015, he attended meetings and other Bureau functions where FBI employees ridiculed, threatened, and falsely accused him of violating Bureau procedures. *Id.* ¶¶ 14–19. As a result of this harassment, Plaintiff started experiencing panic attacks, which required him to take multiple sick leaves during the summer and fall of 2015. *See id.* ¶¶ 20, 25.

According to Plaintiff, he submitted the necessary medical records to demonstrate the need for these absences. *Id.* ¶ 30. Yet he alleges that when he would return from his periods of leave, FBI employees would "treat[] [him] differently, unfairly, and single[] him out because of the time he took off." *Id.* ¶ 21. This all apparently came to a head in November 2015, when Plaintiff came back from a period of leave to find that he had been constructively demoted and would be denied access to mandatory training. *Id.* ¶¶ 26–30. At two separate meetings that month, Plaintiff also alleges that he was confronted about the legitimacy of his medical absences

---

[1] When reviewing a motion to dismiss for lack of subject matter jurisdiction, the Court accepts as true the factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. *See, e.g.*, *Ellis v. Holy Comforter Saint Cyprian Cmty.*, 153 F. Supp. 3d 338, 341 (D.D.C. 2016).

2

and commanded to "justify his salary and position with the federal government," or face termination. *Id.* ¶¶ 30–31. These confrontations caused Plaintiff to have another panic attack, which required paramedics to take him to the hospital and led to the diagnoses of additional health issues that kept him out of work indefinitely while he received treatment. *Id.* ¶ 41. This prolonged absence continued until November 2016, when the FBI officially terminated his employment. *Id.* ¶¶ 70, 83.

Plaintiff's complaint asserts various discrimination-related claims arising out of this extended period of alleged mistreatment. His *Bivens* claim, however—which is asserted as Count V in the complaint—pertains specifically to the second of the November 2015 meetings with FBI employees. As alluded to above, during that meeting, Plaintiff suffered a panic attack that ultimately required medical attention. Plaintiff alleges that, before paramedics took him to the hospital, he sought access to his personal cell phone, on which he had a "calming app" designed to soothe the panic attack. *Id.* ¶ 36. Because Plaintiff worked in a Secure Classified Information Facility ("SCIF"), he did not have his personal phone with him during the meeting, so he tried to exit the conference room. *Id.* But he claims he was not permitted to leave. *Id.* According to Plaintiff, Daniel Powers, who was at the time the Section Chief of the FBI's Personnel Security Division, instructed two unknown, armed FBI Special Agents to "intimidate Plaintiff and to prevent him from leaving the room of his own free will." *Id.* ¶ 122. Plaintiff further alleges that Powers and the two other Special Agents "prevented third parties, including horrified co-workers" from "render[ing] him aid, or bring[ing] him his cell phone." *Id.* These actions, Plaintiff claims, violated his Fourth Amendment rights, as they amounted to "detaining him without probable cause, and without [a] warrant." *Id.* ¶ 123.

3

Plaintiff asserts this Fourth Amendment *Bivens* claim against Powers and the two unknown Special Agents. But the complaint makes clear that these three Special Agent Defendants are "sued in their official capacities." *Id.* ¶ 121. Defendants therefore argue in this motion to dismiss that they are entitled to sovereign immunity and that the Court has no subject matter jurisdiction over the *Bivens* claim.

### III. ANALYSIS

The Court has little trouble concluding that Defendants' motion must be granted, at least in part. As noted above, the law is clear that "*Bivens* remedies do not exist against officials sued in their official capacities." *Kim*, 632 F.3d at 715. This is because "[c]laims brought against federal officials in their official capacities 'are treated as if they were brought against the federal government itself.'" *Cornish v. United States*, 885 F. Supp. 2d 198, 205 (D.D.C. 2012) (quoting *Morton v. Bolyard*, 810 F. Supp. 2d 112, 115 (D.D.C. 2011)). And "[a]bsent a waiver, sovereign immunity shields the federal government and its agencies from suit[s]" for money damages. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).

Of course, *Bivens* suits, by definition, seek money damages. *See, e.g.*, *Simpkins v. D.C. Gov't*, 108 F.3d 366, 368 (D.C. Cir. 1997) ("A *Bivens* suit is an action against a federal officer seeking damages for violations of the plaintiff's constitutional rights."). Generally, they are brought against federal officers in their individual capacities, which does not implicate the government's sovereign immunity. *See Clark v. Library of Cong.*, 750 F.2d 89, 103 (D.C. Cir. 1984). But, in light of the principles laid out above, if a *Bivens* claim is asserted against federal officers in their official capacities, it must be treated as a claim for money damages against the federal government itself, barred by the government's immunity, unless the government has waived immunity. And as numerous courts have held, the government has made no such waiver

4

for constitutional torts in the form of *Bivens* claims. *See, e.g.*, *Cornish*, 885 F. Supp. 2d at 205 (citing *Meyer*, 510 U.S. at 484); *Burke v. Lappin*, 821 F. Supp. 2d 244, 248 (D.D.C. 2011).

Here, Plaintiff's complaint explicitly states that the three Special Agent Defendants are sued in their official capacities. *See* Compl. ¶ 121. Thus, the *Bivens* claim is barred by sovereign immunity, and the Court lacks jurisdiction over the claim. *See Jackson v. Bush*, 448 F. Supp. 2d 198, 200 (D.D.C. 2006) ("[A] plaintiff must overcome the defense of sovereign immunity in order to establish the jurisdiction necessary to survive a Rule 12(b)(1) motion to dismiss."). The claim must be dismissed.

This conclusion does not end the Court's inquiry, though. In their motion, the Special Agent Defendants ask the Court to dismiss the *Bivens* claim *with prejudice*. Plaintiff, on the other hand, has requested that the claim be dismissed without prejudice and with leave to amend the complaint to assert a claim against the Special Agents in their individual capacities.

"Dismissal with prejudice is the exception, not the rule, in federal practice because it 'operates as a rejection of the plaintiff's claim on the merits and [ultimately] precludes further litigation of them.'" *Rudder v. Williams*, 666 F.3d 790, 794 (D.C. Cir. 2012) (alteration in original) (quoting *Belizan v. Hershon*, 434 F.3d 579, 583 (D.C. Cir. 2006)). The standard for dismissal with prejudice is therefore an "exacting" one. *Id.* It is met "only when a trial court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Rollins v. Wackenhut Servs., Inc.*, 703 F.3d 122, 131 (D.C. Cir. 2012) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996)).

This "exacting" standard is not satisfied here. The deficiency in Plaintiff's complaint arises entirely out of one sentence: "Each of Defendants . . . is sued in their official capacities and were acting within the scope of their official duties." Compl. ¶ 121. This error can be

corrected easily by asserting the claim against the Special Agents in their individual capacities; no additional factual allegations are even necessary.  Defendants, for their part, appear to acknowledge this; they identify no reason why an amended complaint asserting the *Bivens* claim against them in their individual capacities would be jurisdictionally problematic.  Accordingly, the Court only goes as far as dismissing Plaintiff's claim without prejudice.  *Cf. Rudder*, 666 F.3d at 796 (dismissing complaint without prejudice when plaintiffs had made a legally erroneous concession in their opposition to the motion to dismiss, a deficiency that could be cured by "simply filing the complaint anew").

At this juncture, the Court does not, however, grant Plaintiff leave to file an amended complaint, because the Court agrees with Defendants that doing so would be "premature."  Reply to Pl.'s Opp'n to Mot. to Dismiss at 3, ECF No. 21.  Under Local Civil Rules 7(i) and 15.1, a motion for leave to file an amended pleading in this district must "be accompanied by an original of the proposed pleading as amended."  Plaintiff has not yet done that here.  The necessary amendment to the complaint may be straightforward in this case, but the Court sees no reason to excuse compliance with these rules.  If and when Plaintiff files a motion to amend that complies with the rules, the Court will weigh the merits of the motion and hear any arguments Defendants have for denying it.  For the time being, though, it is sufficient to dispose of Defendants' motion by dismissing Count V without prejudice.[2]

---

[2] Plaintiff should note that, if he does choose to amend his complaint to assert a claim against the Special Agent Defendants in their individual capacities, he will have to serve them individually by (1) delivering a copy of the summons and complaint to each of them personally; (2) leaving copies of these documents at their dwellings or usual places of abode; or (3) delivering the documents to agents authorized by law to receive service on the Defendants' behalf.  *Cornish*, 885 F. Supp. 2d. at 204; Fed. R. Civ. P. 4(e)(2).  If Plaintiff seeks to sue the two Special Agents whose identities remain unknown, he will also likely need to pursue jurisdictional discovery.  *Strike 3 Holdings, LLC v. Doe*, 326 F.R.D. 35, 37 (D.D.C. 2018).  Furthermore, any renewed *Bivens* claim is likely to prompt a motion for summary judgment asserting a defense of

## IV.  CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED IN PART**. Count V of the complaint is dismissed without prejudice.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  December 12, 2018                                          RUDOLPH CONTRERAS
                                                                                            United States District Judge

---

qualified immunity, *see, e.g.*, *Williamson v. Cox*, 952 F. Supp. 2d 176, 177 (D.D.C. 2013), which, if denied, can be immediately appealed, *Plumhoff v. Rickard*, 572 U.S. 765, 771–72 (2014).  All of this will further delay this case, which, despite having been filed a year ago, has not progressed beyond the pleading stage.  Given that Plaintiff has not reported for work in over three years and was terminated over two years ago, further delay may not be in his best interest.