**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| JOHN DOE, | : | | |
| | : | | |
|     Plaintiff, | : | Civil Action No.: | 18-4 (RC) |
| | : | | |
| v. | : | Re Document No.: | 56 |
| | : | | |
| MERRICK B. GARLAND, | : | | |
| Attorney General of the United States | : | | |
| | : | | |
|     Defendant. | : | | |

**MEMORANDUM OPINION**

**GRANTING DEFENDANT'S BILL OF COSTS**

**I.  INTRODUCTION**

Pseudonymous Plaintiff John Doe sued the Attorney General of the United States, in his official capacity, under the Rehabilitation Act, 29 U.S.C. § 791 *et seq.*  On September 30, 2021, the Court granted summary judgment and dismissal in favor of Defendant on all counts. Defendant, as the prevailing party, then submitted a bill of costs for $5,260.80 in court reporter charges for seven deposition transcripts and related administrative fees.  Opposing Defendant's bill of costs, Plaintiff seeks to have the bill denied on the basis of his inability to pay and argues that Defendant has failed to explain why costs in this case are justified.  For the reasons explained more fully below, the Court grants Defendant's bill of costs in its entirety.

## II.  FACTUAL BACKGROUND[1]

This litigation arose in 2017 when Plaintiff filed a complaint for unlawful denial of reasonable accommodations, discriminatory and retaliatory hostile work environment, and discriminatory and retaliatory termination against the Attorney General of the United States, the Section Chief for the Personnel Security Division of the Federal Bureau of Investigation ("FBI"), and two unnamed FBI special agent defendants.  *See* Compl. at 2–3, 18–22, ECF No. 1.  On September 30, 2021, the Court granted Defendant the Attorney General of the United States' Motion to Dismiss and for Summary Judgment.  *See Doe v. Garland*, No. CV 18-4 (RC), 2021 WL 4502038, at *17 (D.D.C. Sept. 30, 2021).

Pursuant to 28 U.S.C. § 1920(2) and Local Rule 54.1, Defendant now seeks reimbursement of taxable costs in the amount of $5,260.80 for seven deposition transcripts and related administrative fees, which were paid for by the Department of Justice.  *See generally* Def.'s Bill of Costs, ECF No. 56;[2] Decl. Supp. Def.'s Bill of Costs ("Def.'s Decl."), ECF No. 56-1.  In addition, Defendant, through the declaration of his counsel, certified "that the depositions listed were noticed by the party indicated in the itemized attachment," and asserted that "[e]ach transcript was required for the defense of the case."  Def.'s Decl. at 1.

Plaintiff asks the Court to deny the bill of costs "because [Plaintiff] is not in a financial position to pay."  Pl.'s Opp'n to Defs.' Req. for Bill of Costs ("Pl.'s Opp'n") at 2, ECF No. 55.

---

[1] The Court's most recent opinion in this matter, granting Defendant's Motion to Dismiss and for Summary Judgment, provides additional background detail.  *See Doe v. Garland*, No. CV 18-4 (RC), 2021 WL 4502038, at *1–4 (D.D.C. Sept. 30, 2021).

[2] Defendant originally filed a bill of costs, ECF No. 52, on November 12, 2021, which was ostensibly filed in error under the wrong event.  *See* Notice of Error (Nov. 16, 2021).  On November 16, 2021, Defendant re-filed his bill of costs, ECF No. 54, and cross-referenced that entry with the correct event in ECF No. 56.  This Court will refer to the most recently docketed item, which is ECF No. 56.

Plaintiff notes that Defendant's requested "costs relate to deposition transcripts purchased and which were ostensibly used in support of the Defendant['s] Motion for Summary Judgment." *Id.* at 1. Plaintiff then asserts that his "monthly expenses exceed his income" and that he "has some assets, but his ability to access those funds is limited as he is going through a divorce." *Id.* at 2. Attached as an exhibit to his opposition, Plaintiff offers a financial statement in support of his argument that his indigence warrants complete denial of Defendant's bill of costs. *See generally* Fin. Statement of John Doe ("Pl.'s Fin. Statement"), ECF No. 55-1. In requesting that the Court exercise its discretion to deny Defendant's bill of costs, Plaintiff maintains, without elaboration, that Defendant's "Motion fails to explain in any detail the reasons why costs are justified in the instant case." Pl.'s Opp'n at 2.

### III. LEGAL STANDARD

The Federal Rules of Civil Procedure provide that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Under federal statute, taxable costs include, *inter alia*, "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). This District's Local Rules further provide that taxable costs may include "[c]osts, at the reporter's standard rate, of the original and one copy of any deposition noticed by the prevailing party, and of one copy of any deposition noticed by any other party, if the deposition was used on the record, at a hearing or trial." LCvR 54.1(d)(6).

The Supreme Court has noted that "[b]ecause costs are usually assessed against the losing party, liability for costs is a normal incident of defeat." *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981). Although costs are generally awarded as a matter of course, the district court has discretion in allowing, disallowing, or apportioning costs. *See Moore v. Nat'l Ass'n of Sec.*

3

*Dealers*, 762 F.2d 1093, 1107 (D.C. Cir. 1985); *see also Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013) (finding that "Rule 54(d)(1) codifies a venerable presumption that prevailing parties are entitled to costs" but that "the word 'should' makes clear that the decision whether to award costs ultimately lies within the sound discretion of the district court"); *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 565 (2012) ("Federal Rule of Civil Procedure 54(d) gives courts the discretion to award costs to prevailing parties.").

A court, however, "may neither deny nor reduce a prevailing party's request for costs without first articulating some good reason for doing so." *Baez v. U.S. Dep't of Just.*, 684 F.2d 999, 1004 (D.C. Cir. 1982) (en banc) (per curiam). In accordance with the presumption that costs are awarded to the prevailing party, "[u]nsuccessful parties bear the burden of showing circumstances sufficient to overcome the presumption in favor of awarding costs to the prevailing party" under Rule 54(d). *Long v. Howard Univ.*, 561 F. Supp. 2d 85, 96 (D.D.C. 2008) (citing *Baez*, 684 F.2d at 1004); *see also Sykes v. Napolitano*, 755 F. Supp. 2d 118, 120 (D.D.C. 2010) (same). As a result, courts "have rarely denied costs to a prevailing party whose conduct has not been vexatious when the losing party has been capable of paying such costs." *Baez*, 684 F.2d at 1004.

The defeated party's ability to pay, however, is not a prerequisite to an award of costs. "The financial hardship of the unsuccessful party 'is a factor that a district court *may, but need not, consider* in its award of costs pursuant to Rule 54(d).'" *Guevara v. Onyewu*, 943 F. Supp. 2d 192, 196 (D.D.C. 2013) (quoting *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000)); *see also Rivera v. City of Chicago*, 469 F.3d 631, 635 (7th Cir. 2006) ("[I]ndigence does not automatically excuse the losing party from paying the prevailing party's costs."); *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 464 (3d Cir. 2000) ("[I]f a losing party is indigent or unable

4

to pay the full measure of costs, a district court *may*, but need not *automatically*, exempt the losing party from paying costs."). Indeed, by federal statute, costs may even be awarded against parties proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(f).

### IV. ANALYSIS

Plaintiff in this case does not dispute that Defendant was the "prevailing party" for purposes of Rule 54(d). *See* Pl.'s Opp'n at 1. Instead, Plaintiff asks that the Court deny costs based on his inability to pay and argues that Defendant has failed to show how costs in this case were justified. *Id.* at 2. Plaintiff, however, has failed to demonstrate actual indigence or a true inability to pay the award of costs in the instant case. In addition, Defendant has established that the deposition transcripts included in its bill of costs were necessarily obtained for the defense of the case. Accordingly, the Court will grant Defendant's bill of costs in its entirety.

#### A. Plaintiff's Financial Hardship

Plaintiff's first argument concerns his financial situation. Plaintiff asks that the Court deny costs in this case due to his supposed inability to pay. *Id.* at 2. In evaluating Plaintiff's indigence argument, the Court begins its inquiry with the presumption that allowable costs should be taxed to the non-prevailing party. *See* Fed. R. Civ. P. 54(d)(1); LCvR 54.1(a). Thus, in light of the strong presumption in favor of awarding costs to the prevailing party, when a district court chooses to consider the unsuccessful party's financial hardship, "it should require substantial documentation of a true inability to pay." *Chapman*, 229 F.3d at 1039; *see also Johnson v. Holway*, 522 F. Supp. 2d 12, 17 (D.D.C. 2007) ("[U]nsubstantiated assertions of financial hardship . . . are an insufficient basis on which to deny costs."). Notwithstanding this presumption in favor of awarding costs, some courts have denied costs outright based on inability to pay. *See, e.g.*, *N.O. by Orwig v. About Women Ob/Gyn, P.C.*, 440 F. Supp. 3d 565,

5

567–68 (E.D. Va. 2020) (declining to award costs due to plaintiff's inability to pay and ongoing medical bills). Additionally, courts have considered indigency as a factor when deciding whether to award costs against an unsuccessful party if the party could pay but payment would be crippling. *See Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079–80 (9th Cir. 1999) (remanding to district court to reconsider award where unemployed basketball coach would be rendered indigent if forced to pay).

Based on the evidence presented, Plaintiff has not convincingly established that he is unable to pay the award of costs with other assets. In determining whether a non-prevailing party bears sufficient financial hardship to avoid an award of costs, courts consider not only monthly income and selected expenditures, but other assets and discretionary expenditures as well. *See, e.g.*, *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 447 (4th Cir. 1999) (reversing district court's denial of costs because it failed to consider party's marital property and use of 401(k) distributions to buy discretionary items). Here, Plaintiff has proffered his financial statement in support of his indigence argument, and that document reveals his net worth to be $420,550.10. Pl.'s Fin. Statement at 6. Moreover, Plaintiff acknowledges, as shown in his financial statement, that he "has some assets," but he contends, without further elaboration or documentation, that "his ability to access those funds is limited as he is going through a divorce." Pl.'s Opp'n at 2. Plaintiff additionally maintains that his "monthly expenses exceed his income," which is consistent with his financial statement to the extent that document establishes Plaintiff's monthly income at a deficit in the amount of $253.46. *Id.*; Pl.'s Fin. Statement at 6.

However, "[a]ctual indigence, not just limited financial resources, must be demonstrated in order to overcome the strong presumption favoring an award of costs." *Williams v. Thresholds, Inc.*, No. 02 C 9101, 2003 WL 22478784, at *1 (N.D. Ill. Oct. 31, 2003). In this

case, Plaintiff's financial statement establishes his monthly income and net worth to be nowhere near a level of actual indigence. *See* Pl.'s Opp'n at 2; Pl.'s Fin. Statement at 6. Consequently, because the Court considers other assets and discretionary expenditures in assessing whether Plaintiff's financial situation warrants complete denial of costs, the Court must tax costs. *Cf. Borum v. Brentwood Vill., LLC*, No. CV 16-1723 (RC), 2020 WL 5291982, at *13 (D.D.C. Sept. 4, 2020) (determining that "[f]urther financial imposition on [Plaintiff] would be financially ruinous" where Plaintiff was "subject to circumstances that render[ed] her unable to maintain employment").

Although Plaintiff has attached his financial statement to his opposition to Defendant's bill of costs, Plaintiff has not established significant financial hardship or a true inability to pay. Thus, Plaintiff has failed to overcome the strong presumption in favor of awarding costs to the prevailing party. *See Chapman*, 229 F.3d at 1039; *Bark v. U.S. Forest Serv.*, No. CV 12-1505 (RC), 2014 WL 12768161, at *2 (D.D.C. Dec. 31, 2014) (concluding that plaintiffs, who received pro bono representation in the case, had "neither shown that they are indigent nor demonstrated resource constraints so severe as to prevent payment of taxed costs"). Therefore, because Plaintiff has not met his burden under Rule 54(d), the Court will decline his invitation to exercise its discretion to deny Defendant's bill of costs on the basis of Plaintiff's supposed inability to pay.

## B. Defendant's Recovery of Costs

Plaintiff's second argument concerns Defendant's justification of costs, but this argument is also unavailing. Plaintiff argues that Defendant "fail[ed] to explain in any detail the reasons why costs are justified in the instant case." Pl.'s Opp'n at 2. Plaintiff simultaneously concedes, however, that Defendant "seek[s] reimbursement for costs in the amount of $5,260.80," and that

such "costs relate to deposition transcripts purchased and which were ostensibly used in support of" Defendant's Motion for Summary Judgment. *Id.* at 1. In doing so, Plaintiff seems to suggest that Defendant, as the prevailing party, has not established that the deposition transcript costs and fees listed in the bill of costs are recoverable under § 1920(2). In support of Defendant's bill of costs, Defendant's counsel certifies "that the costs of the deposition transcripts and related administrative fees reported on the itemized attachment to the Bill of Costs were billed by the court reporters for each transcript and paid by the Department of Justice," "that the depositions listed were noticed by the party indicated in the itemized attachment," and that "[e]ach transcript was required for the defense of the case." Def.'s Decl. at 1.

"The prevailing party is entitled to the fees of a court reporter for a transcript 'necessarily obtained for use in the case.'" *Long*, 561 F. Supp. 2d at 98 (quoting 28 U.S.C. § 1920(2)). Under § 1920, depositions—including those used in motions for summary judgment—satisfy the "necessarily obtained" requirement of § 1920(2) where such depositions "are used to prepare for future depositions, motions, pretrial proceedings, or trial." *Sykes*, 755 F. Supp. 2d at 120; *see id.* at 120–21 (finding that depositions relied upon in the parties' summary judgment briefs are taxable); *see also Holway*, 522 F. Supp. 2d at 18 ("Local Civil Rule 54.1 makes clear that depositions used in the parties' summary judgment papers are taxable.").

In this case, all of the deposition transcripts at issue were "necessarily obtained for use in the case," 28 U.S.C. § 1920(2), because they were either attached to Defendant's motion for summary judgment or, in the case of two witnesses' depositions, were consented to by Plaintiff with Defendant stating that those depositions were "far more important than was originally surmised." *See* Def.'s Mot. Summ. J. Ex. 1, Dep. John Doe at 2, ECF No. 45-1; Def.'s Mot. Summ. J. Ex. 2, Dep. Sheila Ball at 73, ECF No. 45-1; Def.'s Mot. Summ. J. Ex. 7, Dep. Kersha

Poindexter at 180, ECF No. 45-1; Def.'s Mot. Summ. J. Ex. 11, Dep. Trevia F. Hayden at 242, ECF No. 45-1; Def.'s Mot. Summ. J. Ex. 16, Dep. Tammy McNemar at 264, ECF No. 45-1; Def.'s Consent Mot. Modify Disc. Schedule at 4, ECF No. 41 (requesting, with Plaintiff's consent, modification of discovery schedule for the purpose of deposing two witnesses); *see also United States ex rel. Barko v. Halliburton Co.*, 954 F.3d 307, 313 (D.C. Cir. 2020) (in reviewing district court's award of costs, the inquiry is "whether the district court abused its discretion in deeming the deposition-related costs reasonably necessary for the litigation, which is determined as of the time the costs were incurred" (internal quotations marks omitted)); *Sykes*, 755 F. Supp. 2d at 121 ("[E]ven had Defendant not cited to a particular deposition at all, that fact would not be singularly determinative."). Accordingly, having reviewed the invoices for each transcript identified in Defendant's bill of costs and having determined that all of the deposition transcripts identified in the bill of costs were "necessarily obtained for use in the case," the Court will award those costs in the full amount requested—$5,260.80. 28 U.S.C. § 1920(2).

## V.  CONCLUSION

For the foregoing reasons, Defendant's Bill of Costs (ECF No. 56) is **GRANTED**, and costs will be taxed against Plaintiff in the amount of $5,260.80. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  June 3, 2022                                        RUDOLPH CONTRERAS
                                                                                      United States District Judge